UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

WESLEY KELLY,                      :

            Petitioner,      :
                                          10 Civ. 5121 (GBD) (HBP)
   -against-            :
                                       AMENDED REPORT
WILLIAM LEE                        :   AND RECOMMENDATION[1]

            Respondent.      :

----------------------------------X

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE GEORGE B. DANIELS, United States

District Judge,

## I. Introduction

        Wesley Kelly petitions this Court pro se for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks an order

vacating a judgment of conviction entered on November 7, 2002,

---

[1] I issued a Report and Recommendation resolving the motion
addressed in this Report and Recommendation on June 14, 2011.
The June 14, 2011 Report and Recommendation was inadvertently
sent to petitioner at an incorrect address and was returned to
my chambers by the United States Postal Service.  This Report
and Recommendation is identical to the June 14, 2011 Report and
Recommendation except that petitioner's address has been
corrected and it has been re-dated in order to ensure that
petitioner has a full fourteen days to file objections.  In all
other respects, this Report and Recommendation is identical to
the June 14, 2011 Report and Recommendation.

following a jury trial, in the Supreme Court of the State of New York, New York County (Fried, J.), for two counts of burglary in the second degree, and seven counts of grand larceny in the fourth degree, in violation of New York Penal laws Sections 140.25(2) and 155.30(4), respectively.  Petitioner was sentenced as a persistent violent offender to twenty years to life, in the aggregate, and is currently incarcerated pursuant to that judgment (Resp't Memo. Of Law in Supp. of the Mot. To Dismiss, dated December 3, 2010 (Docket Item 10), at 1-2).

Respondent moves to dismiss the petition on the ground that it is untimely (Notice of Mot. to Dismiss, dated December 3, 2010 (Docket Item 9)).  For the reasons set forth below, I respectfully recommend that respondent's motion be granted and that the petition be dismissed as time-barred.

II. Facts

The facts relevant to the disposition of respondent's motion can be briefly stated.

Petitioner was convicted in New York State Supreme Court, New York County on November 7, 2002.  Petitioner, assisted by counsel, appealed his conviction to the Appellate Division of the Supreme Court, First Department, which affirmed the conviction on January 13, 2005.  People v. Kelly, 14 A.D.3d 390, 787 N.Y.S.2d 330 (1st Dep't 2005).  The New York Court of

2

Appeals denied petitioner leave to appeal on March 31, 2005.

People v. Kelly, 4 N.Y.3d 832, 829 N.E.2d 680, 796 N.Y.S.2d 587 (2005).  Petitioner subsequently attacked his conviction in a series of pro se applications, motions, and petitions in the New York courts, all of which are set forth in detail below.

Petitioner executed the petition on April 25, 2010, and I deem it to be filed on that date.  See Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001) (the prison "mailbox" rule extends to habeas petitions).  According to the petition, the grounds raised are "those rasied [sic] on direct appeal and collateral motions" (¶ 13, Habeas Pet., dated April 25, 2010 (Docket Item 1)).

III.  Analysis

28 U.S.C. § 2244(d)(1), as amended by Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Public Law No. 104-132, provides a one-year statute of limitations for habeas corpus petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA's limitations period ordinarily commences running when a conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final upon the completion of direct appellate review in state court and by the United States Supreme Court, either when certiorari proceedings are completed or when the time for seeking further direct review expires.  McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir. 2003); Williams v. Artuz, 237 F.3d 147, 150 (2d Cir. 2001).  A party seeking United States Supreme Court review of a state court decision must file his or her petition for a writ of certiorari within ninety days of the decision sought to be reviewed.  Sup. Ct. R. 13(1); Bowles v. Russell, 551 U.S. 205, 212 (2007); Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009); Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000); see Day v. McDonough, 547 U.S. 198, 201 (2006).

Under certain circumstances, the limitations period of the AEDPA can be tolled.  For instance, tolling occurs for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[2]  28 U.S.C. § 2244(d)(2).  The tolling period includes the time during which the appeal of any post-conviction motion is pending.  See Bennett v. Artuz, 199 F.3d 116, 119-21 (2d Cir. 1999).  However, such applications "do[] not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

Petitioner's conviction became final on June 29, 2005, ninety days following the New York Court of Appeals' denial of his leave to appeal on March 31, 2005 (Ex. E, Resp't Decl. in Supp., dated December 3, 2010 (Docket Item 9)).  Absent tolling, petitioner would have had until June 29, 2006 to file his petition in compliance with AEDPA's one-year limitations period. Petitioner, however, tolled the statute of limitations for certain periods by attacking his conviction through a succession of state court filings, detailed in the table below.

---

[2] The doctrine of equitable tolling can provide another basis for extending AEDPA's limitations period.  Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010).  Here, however, petitioner makes no claim that the doctrine applies, nor does he present any "extraordinary circumstances" that would warrant its application.

<u>State Collateral Attack</u>                    <u>Chargeable Time</u>

C.P.L. § 440.10 Motion, filed 5-21-05
(Ex. F, Resp't Decl. in Supp.)[3];
resolved 11-04-05 (Ex. K, Resp't Decl.
in Supp.)[4]

---

[3] Petitioner incorrectly identifies this date as April 23, 2005 (Habeas Pet., at ¶ 12).

[4] Respondent's activity from May 21, 2005 to November 5, 2005 can be characterized in multiple ways for tolling purposes. As indicated above, on May 21, 2005, petitioner made a § 440.10 motion, thereby tolling the statute of limitations (Ex. F, Resp't Decl. in Supp.). The motion was denied on July 20, 2005 (Ex. H, Resp't Decl. in Supp.), though petitioner incorrectly identifies this date as July 28, 2005 (Habeas Pet., at ¶ 12). On September 8, 2005, petitioner filed an "application for reconsideration" of the July 20, 2005 order denying the motion, based on his perception that the court disregarded a July 6, 2005 submission in which he attempted to withdraw and amend part of his claim (Ex. I, Resp't Decl. in Supp.). Petitioner incorrectly identifies this date as September 19, 2005 (Habeas Pet., at ¶ 12). Respondent, in support of the motion to dismiss, construed this motion as an entirely new § 440.10 motion, and thus claimed that the AEDPA limitations period ran from July 20, 2005 to September 8, 2005, for a total of 50 days (Resp't Memo. Of Law in Supp. of the Mot. To Dismiss, at 13-14). It is plausible, however, to construe petitioner's "application for reconsideration" as an extension of his original May 21, 2010 motion, and for purposes of deciding this motion the application for reconsideration will be so construed. Thus, because "the intervals between disposition and appeal" are counted for tolling purposes, the limitations period is tolled until petitioner's "application for reconsideration" was ultimately denied on November 4, 2005 (Ex. K, Resp't Decl. in Supp.). <u>See</u> <u>Bennett v. Artuz</u>, <u>supra,</u> 199 F.3d at 119-21.

159 Days

C.P.L. § 440.20 Motion, filed on 4-
12-06 (Ex. L, Resp't Decl. in Supp.);
resolved 11-06-06 (Ex. R, Resp't
Decl. in Supp.)[5]

26 Days

Petition for writ of error coram
nobis, filed on 12-02-06 (Ex. S,
Resp't Decl. in Supp.); resolved 8-
13-07 (Ex. W, Resp't Decl. in Supp.)

164 Days

Petition for state writ of habeas
corpus, filed on 1-24-08 (Habeas
Pet., at ¶ 12); resolved 02-07-08
(Habeas Pet., at ¶ 12)[6]

18 Days

C.P.L. § 440.10 Motion, filed on 2-
25-08 (Ex. X, Resp't Decl. in Supp.);
resolved 12-23-2009 (Ex. CC, Resp't
Decl. in Supp.)[7]

C.P.L. § 440.20 Motion, filed on 9-
15-08 (Ex. DD, Resp't Decl. in
Supp.); resolved 8-03-2009 (Ex. HH,

---

[5] Petitioner incorrectly identifies this date as November
16, 2006 (Habeas Pet., at ¶ 12).

[6] Respondent appears to make no mention of this state habeas
corpus petition.  For purposes of this motion, and in the
absence of any documentation to the contrary, the dates
petitioner provides in the habeas petition will be presumed
correct.

[7] Petitioner incorrectly identifies this date as January 6,
2009 (Habeas Pet., at ¶ 12).

Resp't Decl. in Supp.)

Petition for writ of error coram
nobis, filed on 7-30-09 (Ex. II,
Resp't Decl. in Supp.)[8]; resolved 3-
30-2010 (Ex. MM, Resp't Decl. in
Supp.)[9]

26 Days

Petition for federal writ of habeas
corpus, filed on 4-25-10

Total: 393 Days

Altogether, 393 days elapsed between the date

petitioner's conviction became final and the filing of the

petition, a span well outside the one-year statute of

limitations provided by AEDPA.  Thus, dismissal of the petition

as untimely is warranted.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I

respectfully recommend that respondent's motion be granted and

that the petition be denied as untimely.

In addition, since petitioner has not made a

substantial showing of the denial of a constitutional right, I

---

[8] Petitioner incorrectly identifies this date as August 3,
2009 (Habeas Pet., at ¶ 12).

[9] Petitioner mistakenly claims that this appeal was still
pending at the time the petition was filed on April 25, 2010
(Habeas Pet., at ¶ 12).

also recommend that a certificate of appealability not be issued.  28 U.S.C. § 2253(c).  To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam).  For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner's federal rights were not violated.

I further recommend that certification pursuant to 28 U.S.C. § 1915(a)(3) not be issued because any appeal from this Report and Recommendation, or any Order entered thereon, would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

V.  Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court,

with courtesy copies delivered to the Chambers of the Honorable
George B. Daniels, United States District Judge, 500 Pearl
Street, Room 630, and to the Chambers of the undersigned, 500
Pearl Street, Room 750, New York, New York 10007.  Any requests
for an extension of time for filing objections must be directed
to Judge Daniels.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS
**WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE
APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985);
United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997);
IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir.
1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992);
Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);
McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        July 8, 2011

                              Respectfully submitted,


                              _____
                              HENRY PITMAN
                              United States Magistrate Judge



Copies mailed to:

Mr. Wesley Kelly
DIN 02-A-6457
Green Haven Correctional Facility
594 Rt. 216
Stormville, New York 12582-0010

                              10

Paul M. Tarr, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York 10013