USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 27 201

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WESLEY KELLY, | |
| Petitioner, | |
| -against- | MEMORANDUM DECISION AND ORDER 10 Civ. 5121 (GBD) |
| WILLIAM LEE, | |
| Respondent. | |

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff William Kelly petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Specifically, Kelly challenges his November 7, 2002 conviction on two counts of burglary in the second degree, and seven counts of grand larceny in the fourth degree, under New York State Penal Law Sections 140.25(2) and 155.30(4), respectively. Respondent William Lee moved to dismiss the Petition contending that it is untimely.

This Court referred the matter to Magistrate Judge Henry Pitman for his Report and Recommendation ("Report"). Judge Pitman issued a Report recommending that this Court grant Respondent's Motion to Dismiss the Petition.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v.

1

Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own,

independent conclusions" regarding those portions to which objections were made. Nelson v.

Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619,

620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report

if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.

Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

    In his Report, Judge Pitman also advised the parties that failing to file timely objections

to the Report would constitute a waiver of those objections and would preclude appellate review.

See 28. U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). No party filed an objection to the Report. This

Court adopts Magistrate Judge Pitman's Report in its entirety.

    Under 28 U.S.C. § 2244(d)(1), a petition for a writ of habeas corpus must be filed within

one year after the conviction becomes final. See McKinney v. Artuz, 326 F.3d 87, 96 (2d Cir.

2003). A conviction is final once the petitioner has exhausted his direct state appellate review,

and the certiorari process before the U.S. Supreme Court is complete or the time to file such a

petition has lapsed. See id. (internal quotations and citations omitted); Bowles v. Russell, 551

U.S. 205, 212 (2007) (citing Sup. Ct. R. 13.1); accord Saunders v. Senkowski, 587 F.3d 543, 547

(2d Cir. 2009).

    However, the one-year limitations period is tolled when "[t]he time during which a

properly filed application for State post-conviction or other collateral review . . . is pending." 28

U.S.C. § 2244(d)(2).[1] The tolling provision of Section 2244(d)(2) excludes the time during

---

[1]     The statute of limitations may be equitably tolled "only if [the petitioner] shows (1) that he has been
pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely
filing." Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011) (citing Holland v. Florida, —— U.S. ——, 130 S.Ct.
2549, 2560–62, 177 L.Ed.2d 130 (2010)). Ordinary mistakes will not justify tolling the statute of limitations. Id.
Assuming that Petitioner has been pursuing his rights diligently, Petitioner has not offered, and this Court has not
found, any extraordinary circumstances that warrant equitably tolling.

which an application for post-conviction review is open and pending, "but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Thus, the statute of limitations period runs between the time when a decision on a post-conviction review is entered and another petition or motion is filed. See id.; see also Gonzalez v. Hasty, --- F.3d ---, 2011 WL 2463562, at *7 n.2 (2d Cir. Jun. 22, 2011) ("courts . . . apply the toll only to the time period in which the inmate is actively exhausting his administrative remedies, and not the anterior time period in between the accrual of the claim and when the prisoner initiated the administrative remedy process.") (emphasis in the original).

Kelly's conviction became final on June 29, 2005, ninety days after the New York Court of Appeals denied him leave to appeal. See Saunders, 587 F.3d at 547. Absent tolling, Petitioner had until June 29, 2006, one year after his conviction became final, to file his habeas petition. Petitioner filed the instant Petition on July 6, 2010.

Petitioner filed seven post-conviction challenges in New York State, tolling the statute of limitations while each challenge was pending. See 28 U.S.C. § 2244(d)(2). In determining that 393 days had passed since his conviction became final, Magistrate Judge Pitman properly tolled the time periods that Petitioner's post-conviction petitions were pending. Since 393 days is well above the statutory limit of one year, dismissal of the Petition as untimely is warranted.

Finally, as Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d. Cir. 1998); United States v. Perez, 129 F.3d 255, 259-060 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Moreover, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Malley v. Corporation Counsel of the City of New York, 9 F. App'x. 58, 60 (2d Cir. 2001).

**Conclusion**

This Court adopts the Report and Recommendation in its entirety. The Petition for

a Writ of Habeas Corpus is DENIED and DISMISSED.

Dated: July 27, 2011
      New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

4